# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR F. VILLALTA,<br><br>               Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 19-02246-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 26, 2019, Hector F. Villalta ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on July 8, 2019. (Dkt. 17.) On November 12, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

In a decision dated May 14, 2012, Plaintiff, who is a 44 year-old male, was found disabled beginning on December 16, 2008. (AR 85-91.) On May 5, 2015, it was determined that Plaintiff was no longer disabled since May 1, 2015. (AR 99-102.) This determination was upheld upon reconsideration on March 8, 2016 after a disability hearing by a State Agency Disability Hearing Officer. (AR 98.) Thereafter, Plaintiff filed a timely request for a hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir III on June 11, 2018, in Los Angeles. Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on July 13, 2018. (AR 21-30.) The Appeals Council denied review on January 31, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

After careful consideration of the entire record, the ALJ made the following findings:

1. The most recent favorable medical decision finding that Plaintiff was disabled is the decision dated May 14, 2012. This is known as the "comparison point decision" or CPD. (AR 23, 85-91.)

2. At the time of the CPD, Plaintiff had the following medically determinable severe impairments: (1) hypothyroidism with multinodule goiter; (2) a history of rhabdomyolysis and Hashimoto's thyroiditis; (3) a history of acute renal failure; (4) reactive airway disease; (5) chronic bilateral conjunctivitis and blepharitis and chalazion; (6) gastritis; (7) a back disorder (lumbosacral spine disc bulges with low back pain); (8) a neck disorder (cervical radiculopathy

4

with chronic neck pain); and (9) depressive disorder and adjustment disorder with mixed anxiety and depressed mood. (AR 23.)

3. At the time of the CPD, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 23.)

4. At the time of the CPD, the ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> Claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently. He could stand and/or walk on an unlimited basis and could sit on an unlimited basis. Claimant must have been able to alternate between sitting and standing at will. Claimant could not perform work that involves exposure to hazardous conditions of pulmonary irritants including dust, fumes, odors, gas, and other chemicals. Claimant could understand and remember simple, routine tasks, carry out short and simple instructions (which may be detailed but not complex), make judgments and decisions consistent with simple routine duties. Claimant would be unable to perform work with high production quotas or rapid assembly line work.

(AR 23.)

5. At the time of the CPD, the ALJ found that Plaintiff was unable to perform his past relevant work as a construction worker II, painter, and carpenter. (AR 23.)

6. At the time of the CPD, the ALJ found that Plaintiff was a younger individual who was illiterate and unable to communicate in English. He had no transferable work skills. (AR 23.)

7. At the time of the CPD, the ALJ found that Plaintiff was unable to perform work that existed in a significant number of jobs in the national economy. (AR 23.)

8. The ALJ found that through the date of the ALJ's decision dated May 14, 2012, Plaintiff had not been engaged in substantial gainful activity since December 16, 2008, the alleged onset date. (AR 23, 87.)

9. The ALJ found that the medical evidence establishes that Plaintiff did not develop any additional impairments after the CPD through the date of the ALJ's decision. (AR 24.)

10. The ALJ found that the medical evidence establishes that Plaintiff's mental impairment of depressive disorder and adjustment disorder is no longer a severe impairment. (AR 24.)

11. As of May 1, 2015, the ALJ found that Plaintiff has the following severe physical impairments: (1) a history of hypothyroidism, on replacement hormone therapy; (2) a history of rhabdomyolysis and Hashimoto's thyroiditis; (3) a history of renal failure; (4) a history of asthma; (5) a mild back disorder; and (6) mild neck disorder. (AR 25-26.)

12. The ALJ found that since May 1, 2015, Plaintiff has not had an impairment or combination of impairments which met or medically equaled the severity of one of the listed impairments. (AR 26.)

13. The ALJ found that medical improvement occurred on May 1, 2015. (AR 26.)

14. The ALJ found that Plaintiff's medical improvement is related to the ability to work because it resulted in an increase in Plaintiff's RFC. (AR 26.)

15. After careful consideration of the entire record, the ALJ found that, since May 1, 2015, Plaintiff has had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) with additional limitations.

> Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk six hours of an eight-hour workday, and can sit for six hours of an eight-hour workday. He can reach overhead frequently, and can push and pull frequently. He cannot be exposed to extreme temperatures or excessive dust and fumes.

(AR 26-28.)

16. The ALJ found that since May 1, 2015, Plaintiff has been unable to perform past relevant work as a construction laborer. (AR 28.)

17. The ALJ found that on May 1, 2015, Plaintiff was a younger individual age 18-49. (AR 29.)

18. The ALJ found that Plaintiff is not able to communicate in English and is considered in the same way as an individual who is illiterate in English. (AR 29.)

19. The ALJ found that since May 1, 2015, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. (AR 29.)

20. The ALJ found that since May 1, 2015, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant number in the national economy that Plaintiff can perform, including the jobs of conveyor tender, small parts assembler, and routing clerk. (AR 29-30.)

21. The ALJ found that Plaintiff's disability ended on May 1, 2015, and Plaintiff has not become disabled since that date. (AR 30.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the

severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. The ALJ's RFC Is Supported By Substantial Evidence

Plaintiff alleges he is unable to work because, even though he has no problems sitting and standing, he has constant pain in his back and neck. (AR 27.) The ALJ did find that Plaintiff has the medically determinable severe impairments of a mild back disorder and a mild neck disorder as of May 1, 2015. (AR 25-26.) The ALJ assessed Plaintiff with a reduced range of medium work RFC. (AR 26-27.) Thus, the ALJ concluded that Plaintiff was not disabled since May 1, 2015. (AR 30.)

In determining Plaintiff's RFC, the ALJ considered Plaintiff's subjective symptom allegations. (AR 27.) Because the ALJ made no finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ made clear that there were no symptoms consistent with the objective medical evidence. (AR 27.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). On February 11, 2015, consulting internist Dr. Concepcion Enriquez

examined Plaintiff. (AR 25, 383-387.) Plaintiff exhibited tenderness of the cervical spine, but range of motion was grossly within normal limits. (AR 25, 385). He also had tenderness of the lumbosacral spine with reduced range of motion. (AR 25, 385.) There was no muscle spasm, and a straight leg raising test was negative bilaterally. (AR 25.) Plaintiff's gait and balance were normal, and he was able to walk without assistance. (AR 25.) There were no signs of radiculopathy. (AR 26, 386.) Dr. Enriquez assessed Plaintiff with a reduced range of heavy work RFC. (AR 27, 386.) On May 4, 2015, State Agency reviewer Dr. H. M. Estrin assessed Plaintiff with a reduced range of medium work RFC. (AR 27.) On July 30, 2015, State Agency reviewer Dr. E. Cooper also assessed a reduced range of medium work RFC. (AR 28.) There is no contrary medical evidence or medical opinion evidence. Plaintiff does not challenge the medical evidence, which is inconsistent with Plaintiff's subjective symptom allegations.

Second, the ALJ noted that Plaintiff has not sought or obtained mental health treatment of any kind since the approval of his original claim in 2012. (AR 24.) Similarly, the ALJ contains virtually no evidence of treatment for Plaintiff's severe physical impairments following the date of adjudication at the CPD. (AR 25.) The ALJ found that there is a lack of evidence that Plaintiff received treatment for any of the medically severe impairments listed in the CPD decision. (AR 26.) The ALJ further found that there is no record of medical treatment since the CPD. (AR 28.) Based on the lack of evidence of medical treatment and the medical opinions discussed above, the ALJ assessed Plaintiff with a reduced range of medium work RFC. (AR 28.) An ALJ may consider conservative treatment (in this case, none) in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. An ALJ also may consider an unexplained or inadequately explained failure to seek treatment. Id.

Plaintiff may disagree with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.[1]

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 18, 2020

                                                            */s/ John E. McDermott*
                                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that the ALJ was not more explicit in labeling his reasons for discounting Plaintiff's subjective symptom allegations, any error was harmless. See Tommasetti, 533 F.3d at 1038 (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006). The ALJ's reasons are fully apparent from the decision and thoroughly discussed as noted above.